IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| GREGORY GRAVES and DARRYL SINKFIELD,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MONTGOMERY, a municipal corporation; Todd Strange in his official capacity as Mayor of Montgomery; Cornelius Calhoun, Jon Dow, Charles W. Jinright, Tracy Larkin, Arch Lee, Glen Pruitt, and Jim Spear in their official capacity as members of the City Council of Montgomery; and Brenda Blalock as City Clerk for the City of Montgomery<br><br>Defendants. | CIVIL ACTION NO.<br><br>2:11CV557- WKW |

## VERIFIED COMPLAINT AND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiffs are registered electors in the City of Montgomery seeking declaratory and injunctive relief to vindicate their rights to equal representation in electing members to the City of Montgomery city council. The 2010 official federal census, conducted by the United States Department of Commerce, establishes that the current Montgomery city council districts are grossly mal-apportioned with some districts being under-populated and hence over-represented and some districts, including the districts in which Plaintiffs reside, being unconstitutionally over-populated and hence under-represented.

Notwithstanding this illegal mal-apportionment of city council districts and the Defendants' knowledge of the mal-apportionment, Defendants have expressed their intent to

conduct election for councilors from the existing, mal-apportioned city council districts in August 2011, which will result in unlawfully prolonging the mal-apportionment and dilution of Plaintiffs' (and other Montgomery electors') voting rights. Plaintiffs seek an injunction prohibiting any election of city councilors from mal-apportioned districts, on the ground that such election from grossly mal-apportioned districts will continue the dilution of Plaintiffs' voting rights, in violation of the fundamental constitutional principle of "one person-one vote," guaranteed under the United States Constitution. Plaintiffs also seek an order either requiring the Defendants to proceed expeditiously with redistricting the city council districts, employing the 2010 federal census data to achieve constitutionally apportioned districts or, in the alternative, for the Court itself to establish the constitutional districts, and also, if necessary, to alter the election date and any pre-election deadlines, as may be required.

Plaintiffs thus seek an order by this Court that the City be enjoined from conducting elections to the city council under the existing mal-apportioned districts, that either the City expeditiously redistrict employing the official census data to achieve constitutionally apportioned districts, or in the alternative, the Court do so itself, and that the Court alter the dates of election and/or any pre-election deadlines, as necessary.

## JURISDICTION, VENUE AND PARTIES

1.    This action is brought pursuant to this Court's original jurisdiction under the equal protection clause of the Fourteenth Amendment to the United States Constitution, the civil rights provisions of 42 U.S.C. §§ 1983 and 1988, and the Voting Rights Act of 1965 as amended, 42 U.S.C. § 1973 et seq.

2.      Plaintiff Darryl Sinkfield is a registered elector in the City of Montgomery who resides in the current City Council District 1, which is mal-apportioned on the basis of population.

3.      Plaintiff Gregory Graves is a registered elector in the City of Montgomery who resides in the current City Council District 8, which is mal-apportioned on the basis of population.

4.      Defendant CITY OF MONTGOMERY is a municipality within the State of Alabama.

5.      Defendant Todd Strange is the mayor of Defendant City of Montgomery and is charged, under the United States Constitution, with responsibilities to assure that city council districts are redistricted after the decennial census to avoid mal-apportionment. He is sued in his official capacity.

6.      Defendants Cornelius Calhoun, Jon Dow, Charles W. Jinright, Tracy Larkin, Arch Lee, Glen Pruitt, and Jim Spear are members of the City Council of the City of Montgomery, and are charged, under the United States Constitution, with responsibilities to assure that city council districts are redistricted after the decennial census to avoid mal-apportionment. These Defendants, as the Montgomery City Council, in conjunction with Mayor Strange, form the governing body of the City of Montgomery. These Defendants are sued in their official capacities.

7.      Defendant Brenda Blalock is the City Clerk for the City of Montgomery and has general supervisory authority and responsibility to administer municipal elections in the City of Montgomery. She is sued in her official capacity.

8. The Defendants, both personally and through the conduct of their agents, servants and employees, were and are acting under color of state law at all times relevant to this action.

## FACTUAL ALLEGATIONS

9. The City Council of Montgomery consists of nine members, Defendants here, who are elected from nine single-member districts. The nine members of the City Council are elected to four-year terms with elections held in each odd-numbered year following the year in which a Governor is elected.

10. The City Council is the legislative authority and governing body for Montgomery and, as such, its members are required to be elected in conformity with the equal protection clauses of Art. II, §18 of the Fourteenth Amendment to the Constitution of the United States.

11. The City Council and its members have the duty under the United States Constitution to redistrict the city council districts every ten years, after the federal census is completed, based upon a true and correct enumeration of the city's inhabitants.

12. In March 2011, the U.S. Census Bureau released the official census population data which established that the current city council districts are unconstitutionally mal-apportioned, and provided the basis for a fair and lawful redistricting of city council districts to ensure that all electors are guaranteed that their votes are accorded equal weight in elections for their city representatives under the constitutional principle of "one person-one vote."

13. The data from the 2010 federal census shows that the population of the City of Montgomery has grown, changed in demographics and shifted in location substantially since the 2000 census, which was the basis for the boundaries of the current city council districts in the

City of Montgomery. In light of the 2010 census, the current city council districts are substantially mal-apportioned.

14. Based upon the 2010 Census, the total population of the City of Montgomery is now 205,530. The ideal population for each city council district is thus 22,836 or 22,837 people. The population and deviation from the ideal size of each city council district is as follows:

| City Council District | Population | Over/Under | % Dev |
|---|---|---|---|
| City Council #1 | 26,424 | 3,587 | 15.7% |
| City Council #2 | 21,490 | -1,347 | -5.9% |
| City Council #3 | 19,593 | -3,244 | -14.2% |
| City Council #4 | 15,258 | -7,579 | -33.2% |
| City Council #5 | 19,989 | -2,848 | -12.5% |
| City Council #6 | 22,513 | -324 | -1.4% |
| City Council #7 | 20,798 | -2,039 | -8.9% |
| City Council #8 | 31,683 | 8,846 | 38.7% |
| City Council #9 | 27,782 | 4,945 | 21.7% |
| | 205,530 | | |

15. The existing city council districts possess a total deviation of 71.9% from ideal district size.

16. Plaintiff <u>Darryl Sinkfield</u> is a resident of City Council District 1, which is over-populated and hence under-represented compared to City Council Districts 2, 3,4, 5,6, and 7. As such, their votes are impermissibly diluted.

17. Plaintiff <u>Gregory Graves</u> is a resident of City Council District 8, which is over-populated and hence under-represented compared to City Council Districts 2, 3,4, 5,6, and 7. As such, their votes are impermissibly diluted.

5

18. Rather than completing the redistricting process to rectify the mal-apportionment in the city council districts established by the 2010 census population data, the City of Montgomery has not accomplished any redistricting whatsoever based on the current census of its citizens.

19. City elections for the nine city council district seats are scheduled for August 23, 2011.

20. The qualification period for the August election runs from July 5 to July 12.

21. Immediate judicial relief is necessary. Without the action of this Court, the lawfully required redistricting will not take place and the August 2011 elections will result in candidates being elected under the existing outdated and mal-apportioned plan. Defendants have no reason, much less a compelling reason, to defer redistricting until after the forthcoming election.

22. Plaintiffs, residents of two of the three most underrepresented city council districts, will suffer imminent, irreparable injury if the August 2011 elections are allowed to take place without the required redistricting because, rather than enjoying representation equal to those residents in other city council districts, they will continue to be underrepresented for years until redistricting is belatedly completed and city elections are held using a constitutional plan.

Attached hereto as Exhibit A is a description of a districting plan that plaintiffs aver will meet constitutional one-person one-vote standards.

## COUNT I
## DECLARATORY RELIEF: EQUAL PROTECTION OF THE LAW AND VIOLATION OF THE PRINCIPLE OF ONE PERSON, ONE VOTE

23.     Plaintiffs hereby incorporate the allegations of the foregoing paragraphs of this Complaint and as set out herein and petition for injunctive relief filed on even date herewith.

24.     The current mal-apportioned city council districts violate the rights of Plaintiffs and all other residents in the under-represented city council districts 1, 8, and 9 to the equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States of America, and 42 U.S.C. § 1983. The continuation of these mal-apportioned districts is unnecessary, and it is feasible for the City Council to redistrict for the upcoming 2011 city council district elections.

25.     Plaintiffs are entitled to a declaratory judgment that the current districts are malapportioned and cannot serve as a basis for city councilor elections in 2011 or thereafter.

## COUNT II
## INJUNCTIVE RELIEF: ORDER ENJOINING ANY ELECTION FROM CURRENT DISTRICTS AND ODERING REDISTRICTING

26.     Plaintiffs hereby incorporate the allegations of the foregoing paragraphs of this Complaint and as set out herein and petition for injunctive relief filed on even date herewith.

27.     Further use by defendants of the existing mal-apportioned city council districts violates the rights of Plaintiffs and all other residents in the substantially under-represented districts 1, 8, and 9 to the equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States of America. Accordingly, Plaintiffs are entitled to relief under 42 U.S.C. § 1983.

7

28. Plaintiffs have no adequate remedy at law. Their rights to equal protection under one person-one vote principles will be violated if the August City Council election proceeds without lawful redistricting and will continue to be violated thereafter unless this Court intervenes to provide relief

29. Plaintiffs are entitled to an order from this Court enjoining the upcoming August 2011 city councilor election; ordering the Defendants to immediately and expeditiously accomplish lawful redistricting, or, in the alternative, for the Court to redistrict the city council districts itself and if, necessary, to alter the date of the election and any pre-election deadlines.

## Count III

### INJUNCTIVE RELIEF UNDER SECTION 2 OF THE VOTING RIGHTS ACT

30. Plaintiffs hereby incorporate the allegations of the foregoing paragraphs of this Complaint and as set out herein and petition for injunctive relief filed on even date herewith.

31. This Count is a claim to enjoin violations of Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973. Pursuant to 42 U.S.C. §§ 1973j, 1973l, 1983, and 1988, this Court has jurisdiction to afford plaintiffs the judicial relief they seek for violation of their rights protected by the aforesaid statutory and constitutional provisions.

32. The current districting plan of the City of Montgomery will have a disparate impact on African Americans because of the demographic mix of the City has changed substantially since the current plan was drawn. According to 2010 Census, the City of Montgomery is 56.6% black or African American and 37.3% white. The current districting plan contains nine districts, five of which had a white majority according to the 2000 Census.

8

33. The current districting plan contains standards, practices, and procedures that result in the abridgement or dilution of the right to vote or to participate in the political process on account of the voters' race or color in violation of § 2 of the Voting Rights Act, 42 U.S.C. § 1973.

34. Under the totality of circumstances test, the current districting plan has a discriminatory effect on the ability of black voters in Alabama to participate in the political process and elect candidates of their choice to public office.

35. The districting plan attached to this Complaint as Exhibit A will cure any problems under the Voting Rights Act.

## REQUESTED RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Court exercise its jurisdiction and enter, pursuant to this Court's original jurisdiction and 42 U.S.C. § 1983:

A. A declaratory judgment adjudicating that the current districting plan for the City Council of the City of Montgomery is in violation of the Equal Protection Clause of the United States Constitution;

B. A temporary restraining order and preliminary and permanent injunctions restraining Defendants from using the current districting plan for the City Council in the 2011 election or any other elections;

Respectfully submitted this the 11th day of July 2011.

_____
OSAYGEFO GRUBBS (GRU016)
524 S. Union Street
Montgomery, Alabama 36104
334.834.2000-T
334.834.2088-F

_____
Joe M. Reed (REE045)

/s/ John Tanner
John Tanner (D. C. Bar 318873)
3743 Military Road, N. W.
Washington, D. C.
205.503.7696-T

---

at p. 7, 8. (security not required in absence of showing by defendants that they will "…incur expenses for which the plaintiffs should be required to provide security.")

## Certificate of Service

I certify that I mailed, hand delivered and/ or electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record:

> The Honorable Walter Byars
>
> Chief Legal Counsel
>
> City of Montgomery
>
> 103 N. Perry Street, P. O. Box 1111
>
> Montgomery, Alabama 36104 (361-1-1111)

> The Honorable Kim O. Fehl
>
> City Attorney
>
> City of Montgomery
>
> 103 N. Perry Street, P. O. Box 1111
>
> Montgomery, Alabama 36104 (36101-1111)

on this the 11th day of July, 2011.

_s/ Osaygefo Grubbs_

STATE OF ALABAMA

COUNTY OF MONTGOMERY

Before me, the undersigned notary in and for the State of Alabama at large, personally appeared GREGORY GRAVES, who is known to me, and who being by me first duly sworn on oath, deposes and states as follows: (1) that he is familiar with the facts as set out hereinabove and (2) that such facts as set out herein are true and correct according to his knowledge and belief.

_____
GREGORY GRAVES


SWORN TO AND SUBSCRIBED before me on this the 11th day of July 2011.

_____
Rebecca J. Hooker
Notary Public

My Commission Expires: 8-23-11

STATE OF ALABAMA

COUNTY OF MONTGOMERY

Before me, the undersigned notary in and for the State of Alabama at large, personally appeared DARRYL SINKFIELD, who is known to me, and who being by me first duly sworn on oath, deposes and states as follows: (1) that he is familiar with the facts as set out hereinabove and (2) that such facts as set out herein are true and correct according to his knowledge and belief.

_____
DARRYL SINKFIELD

SWORN TO AND SUBSCRIBED before me on this the ___ day of July 2011.

_____
Notary Public

My Commission Expires: _____